**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LARRY PRESTON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **v.** | § | |
| | § | |
| **NEW CENTURY MORTGAGE** | § | |
| **CORPORATION,** | § | |
| | § | |
| **THE BANK OF NEW YORK MELLON** | § | |
| **F/K/A THE BANK OF NEW YORK AS** | § | |
| **SUCCESSOR IN INTEREST TO** | § | |
| **JPMORGAN CHASE BANK, N.A., AS** | § | |
| **TRUSTEE FOR C-BASS MORTGAGE** | § | |
| **LOAN ASSET-BACKED CERTIFICATES,** | § | |
| **SERIES 2005-RP2,** | § | |
| | § | |
| **PHH MORTGAGE CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

Notice is hereby given that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendants The Bank of New York Mellon F/K/A The Bank of New York as Successor in Interest to JPMorgan Chase Bank, N.A., as Trustee for C-Bass Mortgage Loan Asset-Backed Certificates, Series 2005-RP2 as beneficiary ("Trustee") and PHH Mortgage Corporation d/b/a PHH Mortgage Services, successor by merger to Ocwen Loan Servicing, LLC ("PHH") remove this action from the 151st Judicial District Court, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, as follows:

# I.
## STATE COURT ACTION

1.      On July 6, 2021, Plaintiff, Larry Preston ("Plaintiff"), filed his Plaintiff's Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction (the "Petition") in the 125th Judicial District Court of Harris County, Texas, in an action styled *Larry Preston v. New Century Mortgage Corporation, The Bank Of New York Mellon F/K/A The Bank of New York as Successor in Interest to JPMorgan Chase Bank, N.A., as Trustee for C-Bass Mortgage Loan Asset-Backed Certificates, Series 2005-RP2, PHH Mortgage Corporation,* Cause No. 202140217 (the "State Court Action").

2.      In the State Court Action, Plaintiff seeks damages; temporary and permanent injunctive relief to preclude foreclosure; and other relief concerning the real property located at 5709 Langley, Houston, Texas 77016 (the "Property").

3.      PHH has appeared in the State Court Action through its Answer filed on August 11, 2021.  *See* Ex. N.

4.      Trustee has appeared in the State Court Action through its Answer filed on August 11, 2021.  *See* Ex. N.

5.      The consent of named defendant New Century Mortgage Corporation ("New Century") is not required for this Notice of Removal, because that defendant is a nominal defendant which has been improperly joined.  *See, e.g., Getty Oil Corp. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1261 (5th Cir. 1988) (an acknowledgment of consent is not required of a defendant who is improperly joined); *HDNet MMA 2008 v. Zuffa, LLC*, No. 3:08-CV-0442-G, 2008 WL 958067, at *3 n.5 (N.D. Tex. April 9, 2008); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

6.      A removing party establishes improper joinder by showing that the plaintiff cannot establish a cause of action under state law against the defendant in question.  *Id.*  This requires the

Court to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim" against that defendant. *Id.* A "mere theoretical possibility" of recovery under state law does not suffice to preclude removal. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000). Whether the plaintiff has alleged a valid cause of action "depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999). A plaintiff must at least state "specific actionable conduct" sufficient to support a cause of action against that defendant. *See id.* at 699. "A mere formulaic recitation of the elements of a cause of action asserted . . . is not sufficient under this standard." *Felder v. Countrywide Home Loans*, No. CIV.A. H-13-0282, 2013 WL 6805843, at *4 (S.D. Tex. Dec. 20, 2013).

7.     Plaintiff has named New Century as a defendant – but New Century's only connection to this matter is that it was the original lender. *See* Petition, ¶ 10. Here, Plaintiff does not plead any factual allegations in the Petition that would suggest any activity on the part of New Century. There are simply no factual allegations supporting the conclusion that New Century engaged in any potentially actionable conduct, because there are no allegations with respect to it at all. *See generally* Petition. In sum, Plaintiff has no plausible basis to recover against New Century. Moreover, New Century assigned its rights in the subject deed of trust in October 1998.[1] The gravamen of Plaintiff's allegations do not start until May 2009 at the very earliest. *See* Petition at ¶¶ 10, 17. This is more than ten (10) years after New Century assigned the deed of trust. *See*

---

[1] *See* Assignment of Deed of Trust dated October 23, 1998, a true and correct copy of which is attached hereto as Ex. HH. The Assignment is a publicly filed document in the public records of Harris County, Texas, at Page Numbers 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 and -2547, and File Number U310021. Trustee and PHH respectfully request that the Court take judicial notice of the Assignment pursuant to Fed. R. Evid. 201.

Ex. HH.  In short, no case or controversy exists as to New Century.  New Century has been improperly joined.

8.      In sum, Plaintiff does not raise the "theoretical possibility" that any cause of action could be maintained against New Century.  The Petition contains no substantive allegations against New Century.  *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259-60 and n.8 (5th Cir. 1995) (citation omitted) (affirming denial of motion to remand, in part, on grounds that the plaintiff's complaint did not contain allegations which could support a claim against the named defendant in question); *see also Cantor v. Wachovia Mortgage, FSB*, 641 F. Supp. 2d 602, 611-12 (N.D. Tex. 2009) (denying remand and disregarding the citizenship of the defendant trustee upon a finding that no reasonable basis existed for plaintiff's recovery against the trustee).  New Century is a nominal party and has been improperly joined; its citizenship (though diverse) should be disregarded for removal purposes; and its consent to this Notice of Removal is not required.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (holding that where non-diverse defendant is improperly joined, case is properly in federal court).  *See Getty Oil Corp. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1261 (5th Cir. 1988) (an acknowledgment of consent is not required of a defendant who is improperly joined); *HDNet MMA 2008 v. Zuffa, LLC*, No. 3:08-CV-0442-G, 2008 WL 958067, at *3 n.5 (N.D. Tex. April 9, 2008); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).[2]

9.      This removal is timely filed, because it is being filed within thirty (30) days after receipt by Trustee and PHH of a paper from which it could first be ascertained that this case was one which had become removable.  28 U.S.C. § 1446(b)(3).  Plaintiff asserted only state law causes of action in the Petition.  In a filing made in the State Court on April 6, 2022, and served on Trustee

---

[2] It is not clear whether New Century has been properly served.

and PHH on or after that date, Plaintiff asserted claims under federal law, including without limitation the Federal Debt Collection Practices Act ("FDCPA").  *See* Counterclaim and Notice at page 6 (Ex. CC).  Because Trustee and PHH remove this lawsuit within thirty (30) days of the filing and service of the document asserting for the first time in this case claims under federal law, removal is timely.  *See* 28 U.S.C. § 1446(b)(3).

10.    Trustee and PHH remove the State Court Action to this Court on the basis of federal question jurisdiction.

## II.
## PROCEDURAL REQUIREMENTS

11.    This action is properly removed to this Court, as the lawsuit is pending within the district and division.  *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(2).

12.    The United States District Court for the Southern District of Texas, Houston Division has original jurisdiction over this action based on federal question jurisdiction, because Plaintiff asserts claims arising under federal law.  *See* 28 U.S.C. § 1331; Ex. CC at page 6.

13.    Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule LR81, this Notice of Removal is accompanied by copies of the following materials:

| | |
|---|---|
| **Exhibit A** | Index of Matters Being Filed; |
| **Exhibit B** | Civil Cover Sheet; |
| **Exhibit C** | Plaintiff's Original Petition, Application for Temporary Injunction and Permanent Injunction and Requests for Disclosures; |
| **Exhibit D** | Notice of Hearing; |
| **Exhibit E** | Certificate of Conference; |
| **Exhibit F** | Proposed Temporary Restraining Order; |
| **Exhibit G** | Temporary Restraining Order; |

| **Exhibit H** | Clerk's Certificate of Cash Deposit in Lieu of Injunction Bond Per Order of the Court; |
| **Exhibit I** | Letter to the Clerk; |
| **Exhibit J** | Citations; |
| **Exhibit K** | Certified Mail Receipts; |
| **Exhibit L** | Green Cards; |
| **Exhibit M** | Returned Mail; |
| **Exhibit N** | Defendants' Original Answer; |
| **Exhibit O** | Motion for Leave to Withdraw as Counsel; |
| **Exhibit P** | Proposed Order on Motion for Leave to Withdraw as Counsel; |
| **Exhibit Q** | Notice of Submission for Motion to Withdraw; |
| **Exhibit R** | Order on Motion; |
| **Exhibit S** | Trial Setting; |
| **Exhibit T** | Scheduling and Docket Control Order; |
| **Exhibit U** | Order of Referral for Mediation; |
| **Exhibit V** | Returned Mail; |
| **Exhibit W** | Designation of Expert Witness by Defendants Trustee and PHH; |
| **Exhibit X** | Setting Reminder; |
| **Exhibit Y** | Trial Preparation Order; |
| **Exhibit Z** | Returned Mail; |
| **Exhibit AA** | Defendants' Motion for Continuance of Trial; |
| **Exhibit BB** | Notice of Hearing by Submission of Defendants' Motion for Continuance of Trial; |
| **Exhibit CC** | Counterclaim to Request for Admissions and Interrogatories and Production; Declaration of Civil Violations and Criminal Damage Claims and Motion; |

| **Exhibit DD** | Notice of Appearance of Aditi Deal; |
|---|---|
| **Exhibit EE** | Order of Recusal and Transfer; |
| **Exhibit FF** | Copy of the State Court Docket Sheet; |
| **Exhibit GG** | List of all counsel of record, including addresses, telephone numbers and parties represented; and |
| **Exhibit HH** | Assignment of Deed of Trust. |

14.     Simultaneously with the filing of this Notice of Removal, Trustee and PHH are filing a copy of the Notice of Removal in the 151st Judicial District Court of Harris County, Texas, pursuant to 28 U.S.C. § 1446(d).

## III.
## FEDERAL QUESTION JURISDICTION

15.     The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. *See* 28 U.S.C. § 1331. A case may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441; *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). A claim "arises under" federal law when either (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *See Singh v. Morris*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)); *see also Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

16.     Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441, as Plaintiff asserts claims under the laws of the United States. Specifically, Plaintiff alleges violations of FDCPA. *See* Counterclaim and Notice at page 6 (Ex. CC). FDCPA expressly grants this Court original jurisdiction to hear such a claim. *See* 15 U.S.C. § 1692k(d); *Hingst v. Providian Nat'l Bank*, 124 F. Supp. 2d 449, 451 (S.D. Tex. 2000) (finding it indisputable that an FDCPA claim

gives rise to federal question jurisdiction).  Thus, Plaintiff alleges violations of federal law, and his right to relief will necessarily depend upon the resolution of federal law.  Accordingly, this Court has federal question jurisdiction.

### IV.
### SUPPLEMENTAL JURISDICTION

17.      This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).  As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").

18.      It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims.  *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1977)).  This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court.  *Id.* at 806.  Here, Plaintiff's state law claims share a common nucleus of operative facts with his federal claims in that Plaintiff's claims in this matter are all based on the same alleged wrongful conduct relating to debt collection effects by Defendants.  *See generally* Petition ¶¶ 9-14 (Ex. C); Counterclaim and Notice at pages 3, 6 (Ex. CC).  Therefore, supplemental federal jurisdiction exists over Plaintiff's state law claims.

**V.**

**CONCLUSION**

WHEREFORE, Trustee and PHH remove this action from the 151st Judicial District Court

of Harris County, Texas, to the United States District Court for the Southern District of Texas,

Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

*/s/ Vincent J. Hess*

**Robert T. Mowrey**
State Bar No. 14607500
S.D. Bar No. 9529
rmowrey@lockelord.com
**Vincent J. Hess**
State Bar No. 09549417
S.D. Bar No. 20194
vhess@lockelord.com
**Arthur E. Anthony**
State Bar No. 24001661
S.D. Bar No. 27943
aanthony@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-6776
Telephone:  (214) 740-8000
Facsimile:  (214) 740-8800

**ATTORNEYS FOR DEFENDANTS
TRUSTEE AND PHH**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon pro se plaintiff *via the Court's electronic notice system; certified mail, return receipt requested; and/or email* pursuant to the Federal Rules of Civil Procedure on this 6th day of May, 2022:

>Larry Preston
>13222 Elaine Road
>Houston, TX 77047
>larrypreston68@gmail.com

>*/s/ Vincent J. Hess*
>Counsel for Defendants Trustee and PHH