United States District Court
Southern District of Texas
**ENTERED**
October 21, 2022
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LARRY PRESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-1460 |
| | § | |
| NEW CENTURY MORTGAGE | § | |
| CORPORATION, THE BANK OF NEW | § | |
| YORK MELLON F/K/A THE BANK OF | § | |
| NEW YORK AS SUCCESSOR IN | § | |
| INTEREST TO JPMORGAN CHASE BANK, | § | |
| N.A., AS TRUSTEE FOR C-BASS | § | |
| MORTGAGE LOAN ASSET-BACKED | § | |
| CERTIFICATES, SERIES 2005-RP2, PHH | § | |
| MORTGAGE CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Larry Preston obtained a mortgage loan from New Century Mortgage Corporation in 1998. (Docket Entry No. 1-3 ¶ 10). JP Morgan Chase is the trustee for that mortgage loan, and PHH is the servicer. (*Id.* ¶¶ 3–4). Preston alleges that a judgment was entered against him in favor of a third-party creditor in May 2009, and that the servicer at the time, Ocwen, agreed to pay off that judgment. (*Id.* ¶ 10). Preston alleges that Ocwen sent the payment "late and to the wrong department," and that the property was subsequently foreclosed on and sold to satisfy the judgment. (*Id.*). Preston was able to buy the property from that sale. In 2016, Preston filed for bankruptcy after he could no longer afford to make payments on the loan. (*Id.* ¶¶10–10). The bankruptcy case was dismissed. (*Id.* ¶ 11). Preston sued in state court in to obtain an injunction against foreclosure. His original state-court petition asserted claims for common-law fraud and equitable redemption. (*Id.* ¶¶ 15–20). After the original petition was filed, Preston's lawyer withdrew. (Docket Entry No. 1-17). Representing himself, Preston asserted a claim under the

Federal Debt Collection Practices Act, (Docket Entry No. 1-29), after which the defendants removed the case to this court. (Docket Entry No. 1). The trustee and PHH have moved to dismiss Preston's complaint.[1] (Docket Entry No. 24). Preston has not submitted a response to the motion.[2]

## I.     The Applicable Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but

---

[1] New Century Mortgage has not appeared.

[2] The court ordered Preston to submit his response to the motion to dismiss by September 12, 2022. (Docket Entry No. 21). Under this district's Local Rules, motions are deemed submitted 21 days after their filing. *See* S.D. TEX. L.R. 7.3.

Preston filed several documents before the defendants submitted their motion to dismiss. These documents included two "Affidavit[s] of Truth and Rebuttal," (Docket Entry Nos. 12, 15); a "Release of Lien," (Docket Entry No. 17); a "Release of Mechanic's Lien Claim," (Docket Entry No. 18); a "Total Disbursements," (Docket Entry No. 19); and a "Notice of Levy," (Docket Entry No. 20). The court is unable to determine the relevance, if any, of the affidavits to Preston's complaint. Among other things, the affidavits make accusations of wrongdoing and assert additional claims, but the affidavits do not comply with the rules governing the form of motions or pleadings. The remaining documents appear to be related to liens against the property, the foreclosure, and Preston's bankruptcy proceedings. They were filed on the court's docket unattached to any motion or pleading. A review of these documents leads to the conclusion that considering them would not affect the analysis or outcome of the defendants' motion to dismiss.

it asks for more than a sheer possibility that a defendant has acted lawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co*., 920 F.3d 890, 900 (5th Cir. 2019).

While a court should "freely give leave [to amend] when justice so requires," FED. R. CIV. P. 15(a)(2), futility of amendment is a proper basis to deny that leave. *Butler v. Porter*, 999 F.3d 287, 298 (5th Cir. 2021); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II.   Analysis

Preston alleges that the defendants violated the Federal Fair Debt Collection Practices Act. Foreclosing under a deed of trust seeks to enforce a security instrument and is not a debt collection covered by that Act. "The activity of foreclosing on a property pursuant to a deed of trust is not the collection of debt within the meaning of the FDCPA." *Iroh v. Bank of Am., N.A.*, No. 15-cv-1601, 2015 WL 9243826, at *4 (S.D. Tex. Dec. 17, 2015) (quoting reference omitted and alterations removed), *aff'd*, 730 Fed. Appx. 236 (5th Cir. 2018); *see also Brown v. Morris*, 243 F. App'x 31, 35 (5th Cir. 2007) ("[O]ur court has at least implicitly recognized that a foreclosure is

3

*not per se* FDCPA debt collection.").  Additionally, the defendants are not debt collectors subject to liability under the Act.  *See Dabney v. Chase Manhattan Mortgage Co.*, No. 10-cv-259, 2010 WL 4502155, at *2 (N.D. Tex. Oct. 4, 2010) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985)).  Preston's FDCPA claims are dismissed.

Preston also alleges that the defendants committed fraud.  A plaintiff alleging fraud must allege facts that would show that: "(1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result."  *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) (quoting reference omitted).

Rule 9(b) requires complaints asserting fraud to plead facts with sufficient particularity to "provide defendants adequate notice of the nature and grounds of the claim."  *Floyd v. CIBC World Mkts., Inc.*, 426 B.R. 622, 652 (S.D. Tex. 2009) (citing *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000)); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *see also* FED. R. CIV. P. 9(b).  Pleadings must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177–78 (5th Cir. 1997)). "Put simply, Rule 9(b) requires the 'who, what, when, where, and how' to be laid out."  *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *WMX Techs.*, 112 F.3d at 179), *modified*, 355 F.3d 356.

4

Preston has failed to allege what statements were fraudulent, who made those statements, when they were made, or how they were false.  To the extent that Preston alleges fraud in Ocwen's promise to pay the judgment that an unspecified third party had against Preston, he is alleging a false statement that a judgment would be paid in the future.  A promise to do something in the future is actionable only if the promise was made with the intention not to perform it at the time it was made.  "The 'false information' contemplated in a negligent misrepresentation case is a misstatement of existing fact, not a promise of future conduct." *Roof Sys., Inc. v. Johns Manville Corp.*, 130 S.W.3d 430, 439 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex. App.—Houston [14th Dist.] 1999, pet. denied)).  A promise to act or not to act in the future cannot form the basis of a negligent misrepresentation claim.  Because Ocwen's promise related to a promise of future performance, it is not actionable as fraud. The claim of fraud is dismissed.

Finally, any right Preston alleges to equitable redemption requires him to allege that he has paid or tendered the full amount of the lien, along with the foreclosure costs.  *See, e.g.*, *BAPA Brooklyn 2004, LLC v. Michael A. & Maria D. Twiehaus Revocable Living Tr.*, No. 05-21-00180-CV, 2022 WL 2526975, at *2 (Tex. App.—Dallas July 7, 2022, no pet.) ("When a party seeks to set aside or cancel a foreclosure sale, the mortgagor must tender the amounts due and owing under the note and deed of trust."); *Suri Holdings, LLC v. Argent Mortgage Co., LLC*, No. 19-cv-3844, 2021 WL 972888, at *2 (S.D. Tex. Feb. 8, 2021) ("Failing to tender the full amount due under the Note precludes any claim in equity.") (citing *Lambert v. First National Bank of Bowie*, 993 S.W. 2d 833, 835-36 (Tex. App. – Forth Worth 1999, pet. denied), *aff'd*, No. 21-20137, 2021 WL 5985320 (5th Cir. Dec. 16, 2021).  Preston merely alleges that he "asserted his right" prior to the

foreclosure sale, (Docket Entry No. 1-3 ¶ 20); he does not allege or suggest that he has tendered the full amount due.  Preston's claim for equitable redemption is therefore dismissed.

## III.    Conclusion

The motion to dismiss is granted, based on Preston's failure to state a claim on which relief can be granted. *See* FED. R. CIV. P. 8, 9(b), 12(b)(6). Preston did not respond to the motion to dismiss.  The motion to dismiss is granted, with prejudice and without leave to amend, because amendment would be futile.  Final judgment is entered by separate order.

SIGNED on October 21, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge